OPINION
{¶ 1} Defendant-appellant Clayton B. Smith appeals the May 27, 2005 Judgment Entry of the Stark County Court of Common Pleas denying his second motion for new trial. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} The Stark County Grand Jury indicted appellant on one count of passing bad checks, in violation of R.C. Section2913.11(A). Appellant plead not guilty, and the case proceeded to jury trial on August 19, 2002. The jury convicted appellant as charged.
 {¶ 3} On September 3, 2002, appellant filed a pro se motion for new trial alleging newly discovered evidence. On September 6, 2002, appellant's trial counsel filed a motion to withdraw as counsel. On September 11, 2002, via Judgment Entry, the trial court overruled appellant's pro se motion for new trial.
 {¶ 4} Appellant filed a notice of appeal with this Court on September 17, 2002, challenging both his conviction on the merits and the trial court's denial of his motion for a new trial. On April 21, 2003, this Court affirmed appellant's conviction on one count of passing bad checks, and the trial court's September 11, 2002 Judgment Entry denying appellant's motion for a new trial.
 {¶ 5} On September 30, 2002, the trial court sentenced appellant to five years community control, and ordered he make full restitution of $57,820.96 within six months. Appellant's counsel did not appear at the sentencing hearing. On March 15, 2004, appellant filed a notice of appeal pursuant Rule 5(A), citing a "cognizable" event. Appellant's appeal argued ineffective assistance of counsel, appellant's not having signed a waiver of counsel and the trial court's failure to inform appellant of his Constitutional right to counsel. On July 22, 2004, this Court dismissed appellant's second appeal finding appellant previously pursued a direct appeal as a matter of right and failed to raise the arguments presented. On September 10, 2004, appellant appealed this Court's decision to the Ohio Supreme Court. The Ohio Supreme Court dismissed the appeal on December 15, 2004.
 {¶ 6} On April 11, 2005, the trial court granted appellant's counsel's motion to withdraw.
 {¶ 7} On April 18, 2005, appellant filed a second motion for new trial. The trial court denied the motion, via Judgment Entry, on May 27, 2005. Appellant again filed a notice of appeal to this Court on June 27, 2005.
 {¶ 8} Appellant now assigns as error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN NOT FIRST HOLDING A HEARING TO DETERMINE IF THE DEFENDANT HAD EVER WAIVED HIS RIGHT TO COUNSEL.
 {¶ 10} "II. THE TRIAL COURT ERRED IN ALLOWING HYBRID REPRESENTATION.
 {¶ 11} "III. THE TRIAL COURT COMMITED [SIC] STRUCTURAL ERROR IN NOT UPHOLDING THE DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHTS AND SUBSTANTIAL COMPLIANCE WITH THE REQUIREMENTS OF CRIMINAL RULE 44 WHEN IT FAILED TO OBTAIN A WRITTEN WAIVER OF COUNSEL FROM A PRO SE DEFENDANT IN A CASE INVOLVING A SERIOUS OFFENSE.
 {¶ 12} "IV. THE TRIAL COURT COMMITED [SIC] REVERSIBLE ERROR IN DISMISSING APPELLANT'S MOTION FOR NEW TRIAL WITHOUT GRANTING AN EVIDENTIARY HEARING AND A CIVIL RULE 44 (C) HEARING AS REQUIRED, THUS VIOLATING THE APPELLANT'S RIGHT TO DUE PROCESS.
 {¶ 13} "V. DUE TO INEFFECTIVE ASSITANCE OF COUNSEL, THEAPPELLANT [SIC] WAS DENIED DUE PROCESS."
 {¶ 14} Upon review of the record and the arguments presented on appeal, we find appellant's instant appeal barred by the doctrine of res judicata.
 {¶ 15} We note, appellant's appeal asserts the trial court erred in not holding a hearing to determine if appellant had waived his right to counsel prior to sentencing appellant. Appellant argues the trial court erred in allowing "hybrid" representation because appellant proceeded pro se despite being represented by counsel. Appellant maintains the trial court did not comply with Ohio Criminal Rule 44, and did not adequately warn appellant of the perils of self-representation. Specifically, appellant argues the trial court erred in not obtaining a written waiver of counsel prior to allowing appellant to proceed pro se. Finally, appellant concludes his due process rights were violated as he was denied the effective assistance of counsel.
 {¶ 16} The arguments presented in the instant appeal mirror those previously presented for appeal on March 15, 2004. As noted in the statement of the case supra, on July 22, 2004, this Court granted appellee's motion to dismiss appellant's second appeal. This Court's July 22, 2004 Judgment Entry states:
 {¶ 17} "This matter came before the Court for consideration of Appellee's Motion to Dismiss the within appeal.
 {¶ 18} "On September 30, 2002, after a jury trial, Appellant was convicted and sentenced. Thereafter, Appellant appeared pro se before this Court, on direct appeal in State v. Smith
(2003), Stark No. 2002CA00306, 2003-Ohio-2033, 2003 WL 1919046. On April 21, 2003, this Court affirmed the Appellant's conviction and sentence.
 {¶ 19} "On March 15, 2004, the Appellant filed a second `Notice of Appeal', which is now pending before this Court. Appellant is again seeking to appeal the conviction and sentence, which was previously affirmed by this Court. In support, the Appellant argues that in his first appeal, he failed to argue that the trial court erred in failing to properly inform him of his right to counsel, and for permitting him to proceed without counsel in the preparation of post-conviction motions and during his sentencing hearing. In the alternative, Appellant requests leave to file a delayed appeal and/or an application for delayed reconsideration.
 {¶ 20} "A delayed appeal is only available where an Appellant has failed to file a notice of appeal as of right. Therefore, this Court lacks jurisdiction to grant leave for a delayed appeal where the Appellant has already pursued a direct appeal as a matter of right. Furthermore, Appellant appeared pro se in the direct appeal, therefore, he cannot now come before this Court to pursue an application for reconsideration claiming his own ineffective representation.
 {¶ 21} "For these reasons, Appellee's Motion to Dismiss is well taken. It is hereby ordered that the within appeal shall be dismissed."
 {¶ 22} Appellant subsequently appealed the July 22, 2004 Judgment Entry to the Ohio Supreme Court on September 10, 2004. The Supreme Court dismissed the appeal on December 15, 2004.
 {¶ 23} We agree with appellee, appellant's arguments are untimely and barred by the doctrine of res judicata as they could have been and were raised in appellant's two previous appeals. Appellant is not now entitled to a third bite of the apple merely because the trial court granted appellant's motion to withdraw as counsel long after all appellant's arguments were cognizable via direct appeal. Accordingly, appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
Hoffman, J. Wise, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the May 27, 2005 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.